IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | **INDICTMENT** |
| ) | |
| Plaintiff, ) | |
| ) | CASE NO. 3:23 CR 56 |
| v. ) | |
| ) | Title 18, United States Code, |
| INDERJIT SINGH GREWAL and ) | Sections 1343, 1349, 1956, 1957, |
| LEE FRIEDMAN, ) | and JUDGE HELMICK |
| ) | |
| Defendants. ) | |

FILED
FEB 01 2023
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
TOLEDO

COUNT 1
(Conspiracy to Commit Wire Fraud, 18 U.S.C. § 1349)

The Grand Jury further charges:

1. From in or around December 2017 to in or around September 2019, Defendants INDIRJIT SINGH GREWAL and LEE FRIEDMAN, together with others known and unknown, defrauded various lenders by making false and fraudulent representations about the material facts of various real estate transactions. These representations caused the lenders to loan the Defendants far more money than they would have if the lenders had known the true nature of the real estate transactions, often leaving the lenders vastly under-secured and at great financial risk when the loans defaulted.

2. The fraud scheme generally worked as follows. The Defendants would identify distressed commercial property, often a resort or hotel, and secure a purchase agreement with the sellers. The Defendants would then seek a loan for at least a portion of the purchase money by approaching various lenders with a plan to purchase and rehabilitate the property. As part of the scheme, the Defendants made numerous false and fraudulent material representations and promises

ORIGINAL

about the nature of the real estate transactions, including the following:

   a. *False Representation of the Purchase Price.* The Defendants misrepresented the actual purchase price of real property in order to deceive lenders about the ultimate loan-to-value ratio of the transaction. For example, when purchasing the Maui Sands Resort in Sandusky, Ohio, the Defendants provided the lender with a fraudulent sales contract showing a purchase price of approximately $19,000,000. The lender subsequently loaned the Defendants $7,000,000, or less than half the purchase price. In truth, the purchase price was $4,850,000, meaning the lender loaned the Defendants 144% of the property's value, leaving the lender vastly undersecured.

   b. *False Representations of Creditworthiness.* The Defendants also made false representations about their personal creditworthiness in order to mislead lenders about their ability to repay a loan. These representations included falsely claiming ownership of other real property and falsifying bank statements to show inflated account balances, among other misrepresentations.

   c. *False Representations of Alternate Funding Sources.* The Defendants also falsely represented that they had alternative funding sources that could be used to close real estate transactions. For example, the lender for the Maui Sands Resort transaction would not have loaned $7,000,000 unless the Defendants were able to obtain additional funds to satisfy the purported purchase price of $19,000,000. The Defendants falsely represented that the additional funds would come from a loan made by a trust controlled by GREWAL's former spouse.

   d. *False Representations Concerning Repair Costs.* The Defendants made false

2

claims about repair expenses in order to access funds held in escrow for this purpose. For example, the lender for the Maui Sands Resort transaction placed $2,000,000 in escrow for the resort's rehabilitation. The Defendants submitted fraudulent invoices and other documents to the lender and the escrow agent claiming falsely that the Defendants had arranged and paid for repairs to the resort.

e. *False Representations Concerning Insurance Claims*. The Defendants also submitted false and fraudulent information to an insurance company in support of insurance claims for damage to the Maui Sands Resort. The Defendants falsely stated that no other parties held an ownership interest in the Maui Sands Resort, causing the insurer to pay all of the proceeds to the Defendants without regard to the lender's property interest in those proceeds.

3. The Defendants made false and fraudulent representations similar to those identified in the preceding paragraph in purchasing and attempting to purchase other properties that were part of the scheme and conspiracy, including a hotel in Spokane, Washington; a resort in Huron, Ohio; and a residential property in Volusia County, Florida.

4. In furthering the scheme, the Defendants caused the transmission of information and funds by wire between locations within the Northern District of Ohio, Western Division, and locations outside of the State of Ohio.

5. From in or around December 2017 through September 2019, in the Northern District of Ohio, and elsewhere, Defendants INDERJIT SINGH GREWAL and LEE FRIEDMAN, together with others, known and unknown to the Grand Jury, knowingly and intentionally combined, conspired, confederated, and agreed together and with each other, to commit an offense under Chapter 63, Title 18, United States Code, that is, the Defendants knowingly devised and

intended to devise a scheme and artifice to defraud and to obtain money and property by means of false and fraudulent pretenses, representations, and promises, and for the purpose of executing the scheme and artifice to defraud and attempting to do so, transmitted and caused to be transmitted by means of wire communication in interstate and foreign commerce, writings, signs, signals, and pictures, in violation of Title 18, United States Code, Section 1343.

All in violation of Title 18, United States Code, Section 1349.

## COUNT 2
(Wire Fraud, 18 U.S.C. § 1343)

The Grand Jury further charges:

6. The factual allegations of paragraphs 1 through 5 of this indictment are incorporated here by reference.

7. From in or around December 2017 through September 2019, in the Northern District of Ohio, and elsewhere, Defendants INDERJIT SINGH GREWAL and LEE FRIEDMAN knowingly devised and intended to devise a scheme and artifice to defraud and to obtain money and property by means of false and fraudulent pretenses, representations, and promises.

8. For the purpose of executing and attempting to execute the scheme and artifice, Defendants INDERJIT SINGH GREWAL and LEE FRIEDMAN transmitted and caused to be transmitted by means of wire communication in interstate and foreign commerce, writings, signs, signals, and pictures, including the following:

| Date | Description of wire communication |
|---|---|
| September 7, 2018 | Wire transfer of $7,000,000 from lender to the closing agent for the purchase of the Maui Sands Resort. |
| September 17, 2018 | Email from GREWAL to lender containing a fraudulent document provided to claim the Defendants spent $627,365 for renovations at the Maui Sands Resort. |
| September 20, 2018 | Wire transfer of $627,365 from escrow agent to the Defendants in payment of a fraudulent repair invoice submitted by the Defendants. |

| February 12, 2019 | Email from GREWAL to insurance company containing a fraudulent insurance claim document concerning ownership of the Maui Sands Resort. |
|---|---|
| April 19, 2019 | Email from GREWAL to insurance company containing false financial statements used to support an insurance claim for the Maui Sands Resort. |

All in violation of Title 18, United States Code, Sections 1343 and 2.

## COUNT 3
(Money Laundering Conspiracy, 18 U.S.C. § 1956(h))

The Grand Jury further charges:

9. The factual allegations of paragraphs 1 through 5 of this indictment are incorporated here by reference.

10. From on or about September 7, 2018 until or on or about July 9, 2019, in the Northern District of Ohio, Western Division and elsewhere, Defendants INDERJIT SINGH GREWAL and LEE FRIEDMAN, together with others known and unknown, intentionally and knowingly combined, conspired, confederated, and agreed together and with each other to commit an offense under Title 18, United States Code, Section 1957, that is, engaged in and attempted to engage in monetary transactions by, through, and to a financial institution, affecting interstate and foreign commerce, in criminally derived property of a value greater than $10,000.00, that is, withdrawals, deposits, purchases, and wire transfers of funds, such property having been derived from specified unlawful activity, to wit, wire fraud in violation of Title 18, United States Code, Section 1343.

All in violation of Title 18, United States Code, Section 1956(h).

## COUNTS 4-8
(Money Laundering, 18 U.S.C. § 1957)

The Grand Jury further charges:

11. The factual allegations of paragraphs 1 through 5 of this indictment are

5

incorporated here by reference.

12. On or about the dates listed below, in the Northern District of Ohio, Western Division and elsewhere, Defendants INDERJIT SINGH GREWAL and LEE FRIEDMAN, engaged in and attempted to engage in monetary transactions by, through, and to a financial institution, affecting interstate and foreign commerce, in criminally derived property of a value greater than $10,000.00, that is, withdrawals, deposits, purchases, and wire transfers of funds, such property having been derived from specified unlawful activity, to wit, wire fraud in violation of Title 18, United States Code, Section 1343:

| Count | Date | Amount | Description of monetary transaction |
|---|---|---|---|
| 4 | October 30, 2018 | $25,000 | Wire transfer from JPMorgan Chase account x9736 to auto dealer for purchase a luxury automobile. |
| 5 | October 30, 2018 | $74,000 | Wire transfer from JPMorgan Chase account x9736 to auto dealer for purchase a luxury automobile. |
| 6 | February 22, 2019 | $116,000 | Wire transfer from JPMorgan Chase account x1783 to auto dealer for purchase a luxury automobile. |
| 7 | February 26, 2019 | $60,000 | Wire transfer from JPMorgan Chase account x1783 to Wells Fargo account x1300 belonging to a family trust. |
| 8 | July 9, 2019 | $700,000 | Wire transfer from JPMorgan Chase account x9868 to Wells Fargo account x3685 belonging to a family trust. |

All in violation of Title 18, United States Code, Section 1957.

## FORFEITURE SPECIFICATION

The Grand Jury further charges:

13. The allegations contained in Counts 1–8 of this Indictment are hereby re-alleged and incorporated by reference as if fully set forth herein for the purpose of alleging forfeiture pursuant to the provisions of Title 18, United States Code, Section 981(a)(1)(C), Title 18, United States Code, Section 982(a)(2)(A), Title 28, United States Code, Section 2461(c), and Title 18, United States Code, Section 982(a)(1). As a result of these offenses, Defendants INDERJIT

6

SINGH GREWAL and LEE FRIEDMAN shall forfeit to the United States: all property, real and personal, which constitutes, or is derived from, proceeds traceable to the offenses charged in Counts 1–2; all property constituting, or derived from, proceeds the defendants obtained, directly or indirectly, as the result of the offenses charged in Counts 1-2; and, any and all property, real and personal, involved in the money laundering offenses charged in Counts 3–8, and any property traceable to such property.

A TRUE BILL.

Original document - Signatures on file with the Clerk of Courts, pursuant to the E-Government Act of 2002.