UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

United States of America,                                Case No. 3:23-cr-56

           Plaintiff,

     v.                                                     MEMORANDUM OPINION
                                                                   AND ORDER

Lee Friedman,

           Defendant.

## I.    INTRODUCTION AND BACKGROUND

On February 1, 2023, Defendant Lee Friedman, along with co-Defendant Indirjit Singh Grewal, was charged in an eight-count indictment with wire fraud and money laundering. (Doc. No. 3). The government alleges that, from 2017 until 2019, Grewal and Friedman conspired to fraudulently obtain a private loan to purchase and repair a hotel in Sandusky, Ohio, as well as to submit a fraudulent insurance claim for damages to the hotel. (*Id.* at 2-4). It further alleges that the Defendants conspired to commit money laundering in order to convert the funds they obtained for personal use. (*Id.* at 5-6). Grewal has since passed away. (*See* Doc. No. 58).

Friedman moved to dismiss Count 8 of the Indictment for lack of venue, (Doc. No. 44), and to dismiss the entire Indictment for violation of his due process rights based upon pre-indictment delay. (Doc. No. 45) (filed under seal). The government opposed both motions. (Doc. No. 49) (filed under seal); (Doc. No. 50). Friedman filed a reply brief in support of his due-process motion,

but he did not file a brief in reply to his venue motion. (*See* Doc. No. 57). For the reasons stated below, I deny both motions.

## II. DISCUSSION

### A. PRE-INDICTMENT DELAY

Friedman asserts the government unnecessarily delayed in pursuing an indictment against him and, in doing so, has violated his Fifth Amendment right to due process. (Doc. No. 45). Friedman claims that, "[b]y late 2019[,] . . . the Government had everything it needed to indict" him but it instead "investigated Mr. Friedman at a snail's pace to their leisure and benefit." (*Id.* at 3). According to Friedman, "these delays were made intentionally in order to gain a tactical advantage over" him. (*Id.*).

A defendant who claims that pre-indictment delay has violated his due process rights "must prove that (1) his right to a fair trial was substantially prejudiced by the delay, and (2) the Government intentionally caused the delay in order to gain a tactical advantage over him." *United States v. Wade*, 93 F. App'x 874, 876 (6th Cir. 2004) (citing *United States v. Marion,* 404 U.S. 307, 324 (1971)). Friedman cannot prove either required element.

The first element requires Friedman to prove "'substantial prejudice to his right to a fair trial.'" *United States v. Rogers*, 118 F.3d 466, 475 (6th Cir. 1997) (quoting *United States v. Brown*, 959 F.2d 63, 66 (6th Cir. 1992)). Friedman asserts he has suffered substantial prejudice from the three-plus year pre-indictment delay because two witnesses – Grewal and Hank Griffin – will not be available to testify at trial.[1] (Doc. No. 45 at 3-4).

---

[1] As the government points out, Grewal and Griffin did not become ill until after Friedman was indicted and, therefore, it could not have intentionally delayed Friedman's indictment for the purpose of attempting to ensure those individuals would not be able to testify at trial. (Doc. No. 49 at 9).

2

But the Sixth Circuit has held "a defendant does not show actual prejudice based on the death of a potential witness if he has not given an indication of what the witness's testimony would have been and whether the substance of the testimony was otherwise available." *Rogers*, 118 F.3d at 475 (citation omitted). While Friedman claims these witnesses are necessary to support his defense that Grewal was solely responsible for defrauding the private lender, he does not offer any basis from which I could conclude that their testimony in fact would have been favorable to him. (*See* Doc. No. 45 at 3-4). By comparison, the government contends "[a]lthough no one can know for sure what Grewal and Griffin would say at trial, we do know what they told investigators, and it is not helpful to Friedman." (Doc. No. 49 at 11).

A defendant's "bare assertions, without supporting evidence, are not sufficient to demonstrate [actual] prejudice." *United States v. Banks*, 27 F. App'x 354, 357 (6th Cir. 2001) (citing *United States v. Brown*, 667 F.2d 566, 568 (6th Cir. 1982)). Friedman has not pointed to any evidence to support his assertions of prejudice and, therefore, he has not met his burden on this element.

Further, even if I were to assume Friedman made a showing of actual prejudice, his argument still fails because he has not offered any evidence that the government "had no valid reason for the delay or that some tactical advantage was sought to be obtained by the delay." *United States v. DeClue*, 899 F.2d 1465, 1468-69 (6th Cir. 1990) (citations omitted). Instead, Friedman offers only his "belie[f] that these delays were made intentionally in order to gain a tactical advantage." (Doc. No. 45 at 3). But it is Friedman's "burden" to show the delay was intentional or unjustifiable, and a court may not "presume that the delay was for an improper purpose." *United States v. Schaffer*, 586 F.3d 414, 425, 426 (6th Cir. 2009).

"[P]articularly where the delay is investigative rather than intended to gain a tactical advantage over the accused, preindictment delay does not offend the Fifth Amendment." *Brown*, 959 F.2d at 66 (citing *United States v. Lovasco*, 432 U.S. 783, 795 (1977)). As the government notes,

3

the investigation that began in late 2019 continued into the winter of 2022, impeded at various points by delays associated with the Covid-19 pandemic. (*See* Doc. No. 49 at 2-4) (citing Doc. No. 1-1). Thus, the record does not support Friedman's belief that the pre-indictment delay was intentional rather than investigatory.

Finally, Friedman asserts that Grewal's death raises "a question of whether the Government can even proceed without [his] participation and testimony," and he requests an evidentiary hearing to determine if "the Government can proceed on its charges without the availability of Inderjit Grewal and Hank Griffin." (Doc. No. 57 at 2). But the Federal Rules of Criminal Procedure clearly permit a party to raise by pretrial motion only those "defense[s], objection[s], or request[s] that the court can determine without a trial on the merits." Fed. R. Crim. P. 12(b)(1). Friedman's requested evidentiary hearing is plainly prohibited by Rule 12(b)(1).

Therefore, I deny his request for a hearing and his motion to dismiss.

**B.    VENUE**

Friedman also argues Count 8 – in which the government alleges Friedman violated 18 U.S.C. § 1957 by engaging in a wire transfer of $700,000, funds which the government contends were derived from wire fraud – must be dismissed for lack of venue, because he "believes that the transfer [charged in Count 8] was initiated from the Chase [Bank] branch in Port Orange, FL and received by the Well Fargo [Bank] branch in Washington State." (Doc. No. 44 at 4). The government argues Friedman's motion is procedurally improper because it raises a question of fact that may not be adjudicated prior to trial. (*See* Doc. No. 50).

The parties agree that 28 U.S.C. § 1956 provides the framework for determining whether venue is proper in this federal judicial district. That statute states:

> [A] prosecution for an offense under . . . section 1957 may be brought in –
>
>> (A) any district in which the financial or monetary transaction is conducted; or

>> (B) any district where a prosecution for the underlying specified unlawful activity could be brought, if the defendant participated in the transfer of the proceeds of the specified unlawful activity from that district to the district where the financial or monetary transaction is conducted.
>
> . . .
>
> (3) For purposes of this section, a transfer of funds from 1 place to another, by wire or any other means, shall constitute a single, continuing transaction. Any person who conducts (as that term is defined in subsection (c)(2)) any portion of the transaction may be charged in any district in which the transaction takes place.

18 U.S.C. § 1956(i).

"Although venue is ordinarily a question of fact for the jury, when the relevant facts to determining venue are not disputed, the district court may resolve the matter as a matter of law." *United States v. Cooper*, 40 F. App'x 39, 40 (6th Cir. 2002) (citing *United States v. Redfearn,* 906 F.2d 352, 354 (8th Cir. 1990)). The government must establish venue by a preponderance of the evidence. *Cooper*, 40 F. App'x at 40 (citing *United States v. Crozier*, 259 F.3d 503, 519 (6th Cir. 2001)).

The government proffers that the funds transferred from the Port Orange, Florida branch were transferred from an account opened on behalf of "'Vintro Hotels & Resorts Ohio LLC, DBA Maui Sands Resort,'" with a business address located in Sandusky, Ohio. (Doc. No. 50 at 4). The government further represents the evidence will show the funds were related to an insurance claim for the Maui Sands Resort. (*Id.*).

As the government notes, it need not prove venue is proper in the Northern District of Ohio in order to defeat Friedman's motion, only that a jury could reasonably reach that conclusion. I find there is a factual dispute concerning the appropriateness of venue in this District and deny Friedman's motion to dismiss.

## IV. CONCLUSION

For the reasons set forth above, I deny Friedman's request for an evidentiary hearing and his motions to dismiss. (Doc. Nos. 44 and 45).

So Ordered.

s/ Jeffrey J. Helmick<br>
United States District Judge